The judgment is reversed and the cause remanded for a new trial.

JOSEPH MASSARI, ET AL., PLAINTIFFS-RESPONDENTS, v. CHARLES S. EINSIEDLER, DEFENDANT-APPELLANT.

CHARLES S. EINSIEDLER, PLAINTIFF-APPELLANT, v. JOSEPH MASSARI, ET AL., DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 22, 1950—Decided July 19, 1950.

Before Judges McGEEHAN, COLIE and EASTWOOD.

*Mr. Joseph Weintraub* argued the cause for appellant (*Messrs. McGlynn, Weintraub & Stein,* attorneys).

*Mr. Arthur L. Abrams* argued the cause for respondents.

The opinion of the court was delivered by

COLIE, J. A. D. This appeal is from a judgment of the Superior Court, Law Division, which dismissed a petition in the suit of Massari v. Einsiedler in the Law Division whereby Einsiedler sought to reform certain instruments and to compel the Massaris to accept payment of a judgment in accordance with the instruments as reformed and asking certain incidental relief, and which also dismissed the complaint filed by Einsiedler in the Chancery Division against the Massaris whereby he sought the same relief asked in the petition heretofore mentioned.

It is necessary to epitomize the prior steps in the litigation. As the parties appear sometimes in the role of plaintiff and sometimes as defendant, clarity will be served if they are described by name rather than by their status in the various suits.

The Massaris were owners of a business known as Accurate Bushing Co. which Einsiedler agreed to purchase for $364,000. A written sales agreement was executed and the business was turned over to Einsiedler who paid $194,586.65 and interest on the purchase price. Paragraph 3 of the sale agreement referred to a "security trust agreement" which dealt with the obligation of Einsiedler to use the proceeds from sale of stock of Accurate Bushing Co. stock to liquidate the unpaid balance of the purchase price. The balance being unpaid the Massaris brought suit in the Law Division demanding $170,584.26 and also a restraint against Einsiedler from disposing of any stock of Accurate Bushing Co. or its assets. Einsiedler answered admitting the amount due and setting up by way of defense that he had tendered certain shares of stock of Accurate Bushing Co. at their then book value in payment of the indebtedness in accordance with the terms of an alleged loan agreement. Without including all the legal steps taken, suffice it to say that a motion for summary judgment in favor of the Massaris was entered by the Law Division judge. Thereafter Einsiedler filed a petition and supplement thereto seeking to compel the Massaris to accept the aforementioned stock

at book value in reduction of the judgment debt. The Law Division dismissed the petitions and an appeal from that order and the summary judgment was taken. The Appellate Division affirmed. *Massari v. Einsiedler*, 3 *N. J. Super.* 40; *cert.* denied, 1 *N. J.* 604.

The opinion settles the law of the case in three particulars: First, that the Law Court considered the answer and the defense; second, that the defense in the answer based upon the "loan agreement" and which was also the basis of the petition and supplemental petition were one and the same; and, third, that the "loan agreement" was inadmissible in evidence to vary the terms of payment as set up in the "sale agreement."

Subsequent to denial of certification by the Supreme Court, the receiver, who had previously been appointed, fixed a date for sale of the Accurate Bushing Company stock which had been taken under execution. Before the date of the sale, Einsiedler filed a complaint in the Chancery Division seeking (1) to enjoin the receiver's sale, (2) to reform the "sale agreement" by incorporating therein that "the said loan agreement and security trust agreement to provide that if the purchaser (Einsiedler) shall make any breach or default under the terms thereof, or in the payment of the moneys payable thereunder, the sellers (Massaris) shall proceed only against the shares of stock of Accurate Bushing Company owned by the purchaser and shall accept in payment of the balance due, such number of shares of stock of Accurate Bushing Company as shall have a book value determined as of default equal to the balance due to the sellers." Reformation of the "loan agreement" and "security trust agreement" to conform to the tenor of the reformed "sale agreement" was also sought. The Chancery Division denied an injunction against the receiver's sale, "without prejudice, however to any application which the plaintiff may make to the Law Division." Thereafter Einsiedler sought the same relief in the Law Division and by subsequent amendment restitution and damages for breach of the contract as reformed. By consent all matters then

pending in the Law Division were consolidated. On motion of the Massaris the consolidated petition and complaint were dismissed as stated in the judgment under appeal.

Appellant's first argument for reversal is that the Massaris breached the agreement, not when the money judgment was entered but subsequent thereto when by levying upon the Accurate Bushing Company stock, they forced the sale to a third party. This argument rests upon the premise that the agreement between Einsiedler and the Massaris was (a) the sale agreement, (b) the security trust agreement and (c) the loan agreement. In the original suit of Massari v. Einsiedler the defendant sought by way of a petition filed after summary judgment had gone against him to compel the Massaris to accept shares of Accurate Bushing Company at book value in satisfaction of the judgment. The Appellate Division affirmed the dismissal of the petition upon the ground that the relief sought was based upon the terms of the Loan Agreement which was a unilateral document signed by Einsiedler alone and could not be admitted in evidence to vary the terms of the Sales Agreement which fixed the terms of payment between the parties thereto.

The significant fact is that Einsiedler at no time prior to denial of certification by the Supreme Court sought reformation. The facts upon which he subsequently based his asserted right for reformation when he filed a complaint in the Chancery Division in June, 1949, were in existence and known to him in 1946 when the sale of the business took place. The complaint in the suit of Massari v. Einsiedler was filed in September, 1948, and had Einsiedler then elected to do so, he might have sought reformation in that suit instead of waiting until June, 1949. The original law action of Massari v. Einsiedler was based upon the unpaid balance of the purchase price of the sale of the business. His answer set up defenses based upon the alleged "loan agreement." The facts upon which he subsequently sought reformation were available to him when that answer was filed, but for some reason he did not set them up and seek reformation and include

among his defenses the further defense that under the instruments as reformed he would have a defense. Instead, he rested his case upon the sale agreement, the trust agreement and the loan agreement as written.

Article VI, Section III, paragraph 4 of the Constitution of 1947 clearly expresses the intent that all matters, legal and equitable, may be terminated in one action, and the Supreme Court enacted a comprehensive set of rules to carry out the constitutional mandate. *Rule* 3 :12–2 provides "Every defense, legal or equitable, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim * * * shall be asserted in the answer thereto * * *," and *Rule* 3 :12–8 provides that "A party waives all defenses * * * which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply * * *." We cannot ignore the use of "shall" in *Rule* 3 :12–2 and the provision for waiver of a defense not presented provided for in *Rule* 3 :12–8. They were enacted to fulfill and implement the constitutional mandate that all matters in controversy be determined in one litigation. Attention is directed to the fact that our rules are closely modeled upon the federal rules and that *Federal Rule* 13 (b), 28 *U. S. C. A.*, providing for compulsory counterclaims was included in the Tentative Draft as *Rule* 3 :13–1 but was omitted in the rules as adopted. From this we are asked to infer that the existing rules do not make mandatory the filing of a counterclaim. In this case we are not dealing with a counterclaim, for what Einsiedler sought in the belated complaint filed in the Chancery Division was but an intermediate step. If he obtained what he sought then, that would constitute a defense to the original law action. At this late date to permit a reopening of the case to grant reformation as sought, would fly in the face of the constitutional expression as interpreted by the rules that we have quoted. We think that the true intent is well stated in the *Restatement of the Law of Judgments, A. L. I.*, § 66, which reads: "Whether a party to an action who fails to set up an equitable claim or defense is precluded thereby from

thereafter relying upon the equitable claim or defense depends upon the extent of which the systems of law and equity have been merged in the State" and Comment c. thereunder reads: "Where because of mistake or fraud or otherwise there is ground for reformation of a contract, a party to the contract can maintain a suit in equity for the reformation of the contract. He may be permitted by the law of the State in which the action is brought to set up the ground for reformation as an equitable defense or partial defense or *counterclaim. If he fails to do so, it depends upon the extent to which remedies at law and in equity have been merged in the State whether he is precluded from thereafter maintaining a suit in equity for the reformation of the contract."* (Italics ours.)

For the reasons stated, the judgment is affirmed.